IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIIO
EASTERN DIVISION

| | | |
|---|---|---|
| CANDIDO MONTANEZ, JR. | ) | CASE NO. 1:11-cv-02475 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER SOCIAL OF | ) | KATHLEEN B. BURKE |
| SECURITY,[1] | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

Having prevailed in obtaining a reversal and remand of the Commissioner's decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), Plaintiff Candido Montanez, Jr. ("Plaintiff" or "Montanez") now seeks an award of attorney fees pursuant to the Equal Access to Justice Act (the "EAJA").  Doc. 22, Doc. 26. Plaintiff's Motion for Attorney Fees (Doc. 22) and Supplemental Motion for Attorney Fees (Doc. 26) have been referred to the undersigned Magistrate Judge for a Report and Recommendation.  Plaintiff seeks an award above the presumptive hourly rate of $125.00 set in 1996 when the EAJA was amended.  Doc. 22, Doc. 26.  He also seeks an award of fees for work performed by an "appellate assistant" and expenses incurred in litigating the case.  Doc. 22, Doc. 26.

As explained below, the undersigned recommends that Plaintiff's Motion for attorney fees be **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is hereby substituted for Michael J. Astrue as the Defendant in this case.

**PROCEDURAL HISTORY**

Plaintiff filed this action to seek judicial review of the Commissioner's final decision denying his application for DIB and SSI. Doc. 1, pp. 1-2. On November 20, 2012, the undersigned issued a Report and Recommendation that the Commissioner's decision be reversed and remanded. Doc. 17. On December 19, 2012, the Court adopted the Report and Recommendation and entered judgment reversing and remanding the case for further proceedings. Doc. 20, Doc. 21. On January 18, 2013, Plaintiff filed his Motion for Fees pursuant to the EAJA seeking $4,210.55 in fees and $31.00 in expenses.[2] Doc. 22, pp. 3-4, Doc. 22-1, Doc. 22-2, Doc. 22-3. On February 15, 2013, the Commissioner filed her Response. Doc. 24. The Commissioner does not dispute the issue of substantial justification. Doc. 24, p. 3. However, the Commissioner challenges: (1) Plaintiff's request for an award of attorney fees at an hourly rate above $125.00 and the number of hours expended; (2) Plaintiff's request for an award of fees at the hourly rate of $50.00 for work performed by the "appellate assistant" and the amount and type of work billed; and (3) Plaintiff's request for reimbursement of expenses in the amount of $31.00. Doc. 24. On March 1, 2013, Plaintiff filed a Reply, which includes attachments that were incorporated by reference in his original Motion for Attorney Fees. Doc. 25. On March 2, 2013, Plaintiff filed a Supplemental Motion for Attorney Fees seeking an additional $922.50 in attorney fees for researching and preparing his Reply.[3] Doc. 26.

---

[2] The $4,210.55 represents 21.9 hours of attorney time at $184.50 per hour and 3.4 hours of "appellate assistant" time at $50.00 per hour. Doc. 22-1, Doc. 22-2.

[3] The $922.50 represents 5.0 hours of attorney time at $184.50 per hour. Doc. 26.

2

## DISCUSSION

I.     **The EAJA Standard**

The EAJA states that,

> Except as otherwise provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses…, incurred by that party in any civil action…, including proceedings for judicial review of agency action, brought by or against the United States… unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Pierce v. Underwood*, 478 U.S. 552, 556 (1988). Thus, a prevailing party in an action against the United States can recover fees and expenses, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Pierce* 478 U.S. at 556, 108 S. Ct. at 2548, 101 L. Ed. 2d 490 (1988).

In the case at hand, Plaintiff is the prevailing party. Doc. 20; Doc. 21; *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (holding that Plaintiff is the prevailing party in a sentence four remand). Plaintiff's Motion for Fees Pursuant to EAJA is deemed timely filed.[4] *See* 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(1)(D)(2)(G). The Commissioner does not dispute the issue of substantial justification and makes no mention of any special circumstances that would make an award of attorney's fees unjust. Doc. 24, p. 3. Accordingly, an award of fees is warranted.

Therefore, the issues remaining in dispute are whether: (1) Plaintiff is entitled to an award of attorney fees for a total of 26.9 hours at an hourly rate of $184.50; (2) whether Plaintiff

---

[4] The Court entered judgment on December 19, 2012. Doc. 21. The Commissioner had sixty days from that date to appeal but did not do so. Fed. App. R. 4(a). The Commissioner notes that Plaintiff filed his Motion for EAJA fees prior to the expiration of the time for filing an appeal and therefore asserts that Plaintiff's Motion for EAJA fees was premature. Doc. 24, pp. 2-3, n. 2. However, since the Commissioner has also indicated that she is not objecting to the timeliness of the Motion (Doc. 24, pp. 2-3, n. 2), and since the Commissioner's time to appeal has now expired, any issue regarding timeliness is moot.

is entitled to an award of fees for 3.4 hours at an hourly rate of $50.00 for work performed by an "appellate assistant;" and (3) whether Plaintiff is entitled to reimbursement of expenses in the amount of $31.00.

## II.      Attorneys' fees

### A. Attorney hourly rate

In March 1996, Congress amended the EAJA by increasing the cap for hourly rate for attorney fees from $75.00 to $125.00 per hour. Pub. L. No. 104-121, 110 Stat. 847 (1996); *see Hawk v. Astrue,* 2013 WL 139799, at *1 (N.D.Ohio Jan.10, 2013). Now, the EAJA provides that the amount of fees awarded to a prevailing party where the United States' position is not substantially justified

> shall be based upon prevailing market rates for the kind and quality of the services furnished [and]… attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-450 (6th Cir. 2009).

When a plaintiff requests an increase over the statutory cap of $125 per hour, he "bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant*, 578 F.3d at 450 (citing *Blum v. Stenson*, 465 U.S. 886, 898, 104 S. Ct. 1541, 79 L. Ed. 2d, 891 (1984)). In fact, the plaintiff must adduce "satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450 (quoting *Blum*, 465 U.S. at 895 n. 11). A district court does not abuse its discretion in denying a claimant's request for an attorney hourly rate above $125.00 where the

claimant only submits the Department of Labor's Consumer Price Index ("CPI"). *See Bryant*, 578 F.3d at 450.

Here, in support of his request for a fee award above $125.00 per hour, Plaintiff relies on:

(1) Timesheets and resumes for Attorneys Eric Schnaufer and Kirk Roose (Doc. 22-1; Doc. 22-5, pp. 1-2);

(2) Timesheet and resume for appellate assistant Diane J. Shriver (Doc. 22-2; Doc. 22-5, p. 3);

(3) Schedule of costs and expenses (Doc. 22-3);

(4) Law Office Economic Survey, 2011 Edition, Bureau of Labor Statistics (occupational employment and wage estimates for Cleveland-Elyria-Mentor, Ohio), and National CPI index. (Doc. 22-4; Doc. 25-2, pp. 22-51);

(5) November 15, 2012, declaration of attorney Diane R. Newman (Doc. 25-3);

(6) July 26, 2012, affidavit of attorney Marcia Margolious (Doc. 25-4);

(7) July 30, 2012, declaration of attorney Bradley J. Davis (Doc. 25-5);

(8) July 30/July 31, 2012, declaration of Kirk B. Roose (Doc. 25-6)[5]; and

(9) Excerpts from "The Economics of Law Practice in Ohio," Ohio State Bar Association 2010, showing billing rates by firm size, years in practice, office location, and practice classification (Doc. 25-7).

As has been reflected in other social security cases, a difference of opinion exists within the Northern District of Ohio as to what constitutes sufficient evidence to justify an award of fees above $125.00 per hour. *See Burgess v. Comm'r of Soc. Sec.*, 2013 WL 1818833 (N.D. Ohio Feb. 12, 2013) (M.J. Baughman) *report and recommendation adopted sub nom. Burgess v. Astrue*, 2013 WL 1811889 (N.D. Ohio Apr. 29, 2013) (J. Oliver) (noting contrary decisions within the Northern District of Ohio on the issue of social security fee awards). The undersigned

---

[5] Although not stated in his declaration, on January 15, 2013, in his itemization of services rendered, Attorney Roose declared that his usual hourly rate is $300.00. Doc. 22-1.

recently reviewed and considered the array of decisions within the Northern District and concluded that, in order to justify an upward departure from the statutory cap, a plaintiff should submit or base his request on the following: (1) the Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other social security practitioners in the area describing their experience and usual hourly rate. *See Slagle v. Comm'r of Soc. Sec.*, 5:12-CV-00626 (N.D. Ohio June 28, 2013).[6]

Plaintiff has not presented either: (1) a practice-specific, local fee survey; or (2) an affidavit or affidavits from other social security practitioners in the area describing their experience and usual hourly rate. The 2010 Ohio State Bar Association "The Economics of Law Practice in Ohio," does not constitute a practice-specific, local fee survey. Although the survey provides average local billing rates for both Cleveland and Akron for all practitioners, regardless of type of practice, the practice-specific classification portion of the survey is statewide rather than local. Doc. 25-7. For example, there are no rates listed for social security practitioners in

---

[6] *Slagle* was decided after Plaintiff submitted his fee application in this case. The requirements set forth in *Slagle* are generally consistent with other cases within this District. *See Jones v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 184378, * 10-11 (N.D. Ohio Sept. 10, 2012) (denying an upward departure from the statutory cap where the plaintiff provided a reference to the CPI, other attorneys' affidavits that requested the statutory minimum in the past to avoid litigation over the hourly fee rates, a general fee survey not specific to social security disability attorneys, and wage information for various occupations in the Cleveland-Elyria-Mentor, Ohio Metropolitan area) (J. Nugent); *see also Keyes v. Astrue*, 2012 WL 2498892, *2-4 (N.D. Ohio June 27, 2012) (denying an upward departure from the statutory cap where the plaintiff provided an "insufficient" reference to the CPI and general fee surveys) (J. Gwin); *see also De Nunez v. Comm'r of Soc. Sec.*, 2013 WL 60429, *5 (N.D. Ohio Jan. 3, 2013) (denying an upward departure from the statutory cap where the plaintiff provided a reference to the National CPI, general fee survey, and counsels' resumes) (J. Adams); s*ee also Burgess v. Comm'r of Soc. Sec.*, 2013 WL 1818833, *5 (N.D. Ohio Feb. 12, 2013) (holding that "(1) proof of an increase in the CPI, plus (2) proof from the bar association survey of hourly rates in the area, as well as (3) the affidavit of another attorney of comparable experience in the practice of Social Security law as to that attorney's hourly rate, collectively constitute 'satisfactory evidence'") (M.J. Baughman) *report and recommendation adopted sub nom. Burgess v. Astrue*, 2013 WL 1811889 (N.D. Ohio Apr. 29, 2013) (J. Oliver); *but see Elson v. Comm'r of Soc. Sec.*, No. 11-CV-00183 (N.D. Ohio Aug. 7, 2012) (granting an upward departure from the statutory cap based on a reference to the National CPI, together with documents showing increased hourly billing rates for attorneys of comparable experience and increased firm expenses per attorney) (J. Carr) (Doc. 22).

the Cleveland and Akron area. Also, while it may not be determinative of the issue of whether a fee increase should be granted, the undersigned notes that "The Economics of Law Practice in Ohio" does not have a separate practice classification for "social security."[7] *See Burgess v. Comm'r of Soc. Sec.*, 2013 WL 1818833, *5 (N.D. Ohio Feb. 12, 2013) (noting that, in *Jones v. Comm'r of Soc. Sec.*, 1:10-CV-2568, at 7 (N.D. Ohio Sept. 10, 2012), when discussing an Ohio State Bar Association survey, the Court expressed concern over the fact that "a general citation to billing rates not specific to Social Security attorneys is 'unhelpful.'"). Additionally, although Plaintiff has submitted three affidavits of social security practitioners who practice in the northern district, the attorneys have not provided a statement as to their usual hourly rate. Docs. 25-3 through 25-5.[8] *Cf. Burgess v. Comm'r of Soc. Sec.*, 1:11-CV-1865, Doc. 28-4, ¶ 6 (attorney affidavit filed in support of EAJA application included a statement that the value of the attorney's current hourly rate was $350.00 per hour).

Accordingly, since Plaintiff has not presented either: (1) a practice-specific, local fee survey; or (2) an affidavit or affidavits from other social security practitioners in the area describing their experience and usual hourly rate, the undersigned recommends that Plaintiff's request for attorney fees in an amount above $125.00 per hour be denied. *See Slagle v. Comm'r of Soc. Sec.*, 5:12-CV-00626 (N.D. Ohio June 28, 2013).

### B. Number of attorney hours

Plaintiff seeks an award of attorney fees for a total of 26.9 hours spent by attorneys Roose and Schnaufer. Doc. 22-1; Doc. 26. The undersigned concludes that 26.9 hours is

---

[7] There is a practice classification of "administrative law" in the "The Economics of Law Practice in Ohio" survey. Doc. 25-7.

[8] For example, the declaration of attorney Newman does not state her hourly rate. It states, in part"[t]he usual rate stated by attorney Kirk B. Roose, $300, is in line with the rates prevailing in the Cleveland area for similar services by lawyers of reasonably comparable skill, experience, and reputation. The same rate would apply for attorney Schnaufer, if not higher." Doc. 25-3, p. 2, ¶ 12.

7

reasonable. *See Hawk v. Astrue*, 2013 WL 139799, *1 (N.D.Ohio Jan.10, 2013) (M.J. Limbert) (citing *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 420 (6th Cir.1990) (the average number of hours expanded on average Social Security cases range from 30 to 40 hours). Thus, the undersigned recommends that the Plaintiff's request for attorney fees be granted at a rate of $125.00 per hour for a total of 26.9 hours for $3,362.50.[9]

### III. Appellate assistant fees

#### A. Appellate assistant hourly rate

Plaintiff requests an award of fees for time expended by appellate assistant Diane J. Shriver at a rate of $50.00 per hour. Doc. 22-2; Doc. 25, p. 9. The Commissioner argues that, to the extent that fees are awarded for the appellate assistant's time, the fee should be reduced to $40.00 per hour. Doc. 24, p. 11. The undersigned agrees with the Commissioner that $40.00 rather than $50.00 is a reasonable fee for work performed by the appellate assistant. *See English v. Comm'r of Soc. Sec.*, No. 1:11-CV-2794 (N.D. Ohio Aug. 31, 2012) (J. Adams)( Doc. 28, p. 5) (finding $40.00 to be a reasonable fee for appellate assistant time); *DeNunez v. Comm'r of Soc. Sec.*, 2013 WL 60429, * 3 (N.D. Ohio Jan. 3, 2013) (J. Adams) (same); *Gunther v. Comm'r of Soc. Sec.*, 2013 WL 1891346, * 6 (N.D. Ohio May 6, 2013) (J. Boyko) (same).

#### B. Number of appellate assistant hours

Plaintiff requests an award of fees for 3.4 hours of time expended by appellate assistant Diane J. Shriver. Doc. 22-2. Defendant argues that at least 2 of the 3.4 hours are non-compensable because that time entailed reviewing court emails and that type of work should be included in overhead costs. Doc. 24, pp. 10-11 (relying on *English v. Comm'r of Soc. Sec.*, No.

---

[9] The portion of the 26.9 hours spent on preparing a Reply brief in connection with Plaintiff's EAJA application is compensable. *Gunther v. Comm'r of Soc. Sec.*, 2013 WL 1891346, * 7 (N.D. Ohio May 6, 2013) (J. Boyko) ("time expended upon fee applications and on reply briefs in response to Commissioner's opposition to such an application is recoverable.").

1:11-CV-2794 (N.D. Ohio Aug. 31, 2012) (J. Adams) (Doc. 28, p. 5) and *DeNunez v. Comm'r of Soc. Sec.*, 2013 WL 60429, * 3 (N.D. Ohio Jan. 3, 2013) (J. Adams)). In response, Plaintiff argues that the full amount of the appellate assistant's time should be compensable. Doc. 25, p. 9 (relying on *Vasquez v. Comm'r of Soc. Sec.*, No. 3:11-CV-00177 (N.D. Ohio June 11, 2012) (M.J. White) (Doc. 27, p. 6) (allowing recovery of assistant's time, including time for reviewing court emails and monitoring the court docket).

Courts within this District have allowed work performed by non-attorneys where such work is work traditionally performed by attorneys. *See Gunther v. Comm'r of Soc. Sec.*, 2013 WL 1891346, * 6 (N.D. Ohio May 6, 2013) (J. Boyko) (allowing recovery of assistant's time which included time reviewing emails); *Vasquez*, No. 3:11-CV-00177 (M. J. White) (Doc. 27, p. 6) (same); *see also Elson v. Comm'r of Soc. Sec.*, No. 3:11-CV-00183, at 5 (N.D. Ohio Aug. 7, 2012) (J. Carr) (Doc. 22, p. 5) (finding that overhead costs are, to some extent, available under the EAJA and allowing recovery of fees for work performed by legal secretary). The undersigned agrees that the work performed by appellate assistant Diane J. Shriver is work traditionally performed by attorneys and therefore should be compensable. Thus, the undersigned recommends that Plaintiff's request for appellate assistant fees be granted at $40.00 per hour for a total of 3.4 hours for $136.00.

**IV.      Expenses**

Plaintiff seeks to recover $31.00 in expenses incurred in this civil action. Doc. 22, p. 3; Doc. 22-3. The expenses relate to e-filing charges and copying/printing. Doc. 22-3. The Commissioner argues that copying costs are not allowable as expenses under 28 U.S.C. § 2412(d)(1)(A). Doc. 24, pp. 11-12. The Commissioner also argues that, with electronic filing and docketing, the need to make paper copies is questionable. Doc. 24, p. 12. The undersigned

9

disagrees with the Commissioner and finds merit to Plaintiff's request for an award of expenses in the amount of $31.00. *See Gunther v. Comm'r of Soc. Sec.*, 2013 WL 1891346, * 7 (N.D. Ohio May 6, 2013) (J. Boyko) (finding costs for copying and printing to be reasonable and properly awardable under 28 U.S.C. § 2412(d)(2)(A)); *see also Elson v. Comm'r of Soc. Sec.*, No. 3:11-CV-00183 (N.D. Ohio Aug. 7, 2012) (J. Carr) (Doc. 22, p. 5) (same).

### CONCLUSION and RECOMMENDATION

For the reasons discussed herein, the undersigned recommends that the Court **GRANT IN PART and DENY IN PART** Plaintiff's Application for Attorney Fees under the EAJA (Doc. 22) and Plaintiff's Supplemental EAJA Application (Doc. 26). The undersigned recommends that Plaintiff be awarded a total of $3,529.50 under the EAJA (attorney fees at $125.00 per hour for 26.9 hours totaling $3,362.50; appellate assistant fees at $40.00 per hour for 3.4 hours totaling $136.00; and expenses of $31.00).[10]

Dated: October 4, 2013

/s/ Kathleen B. Burke
Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[10] Attorney Roose agrees that there is a possibility that fees owed to his client could be subject to a federally collectible debt. Doc. 22, p. 7. If the Court ultimately enters an award of fees, and if Defendant can verify that Plaintiff does not owe a debt that is subject to offset, payment should be made to Plaintiff's counsel pursuant to the EAJA assignment. Doc. 22-7. Otherwise, payment would be made to Plaintiff, subject to offsets allowable under law.