UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CANDIDO MONTANEZ, JR., | ) | Case No.: 1:11 CV 2475 |
| Plaintiff | ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security (the "Commissioner") denied disability benefits to the claimant, Candido Montanez, Jr. ("Plaintiff") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Kathleen B. Burke for preparation of a report and recommendation ("R&R"). Both parties submitted briefs on the merits. Plaintiff sought an order remanding the case. The Commissioner sought final judgment upholding the decision below. Magistrate Judge Burke submitted her R&R on November 20, 2012, recommending that the case be remanded (ECF No. 17.) Plaintiff did not file any objections to the R&R. Defendant filed a response to the R&R, asserting that he will not be filing an objection (ECF No. 19.) This court adopted the Magistrate Judge's R&R (ECF No. 17) and reversed the Commissioner's decision and remanded the case for further proceedings.

Thereafter, Plaintiff filed an Application for Payment of Attorney's Fees Pursuant to the Equal Access to Justice Act ("Fee Application"), requesting that the court issue an order authorizing payment of attorney fees in the amount of $4,210.55 and expenses in the amount of $31.00 for a

total award of $4,241.55. (Fee Appl. at 7, ECF No. 22.) The Commissioner filed a Response, arguing that the court should reduce the fee amount requested in the Fee Application because it is excessive, charging an hourly fee of $184.50 instead of the statutory maximum fee of $125.00. (Resp. at 3, ECF No. 24.) Additionally, the Commissioner argued that the number of hours requested by Plaintiff for preparation of the Fee Application in the amount of 3.9 hours were unreasonable, the fee requested for Ms. Shriver, the Appellate Assistant who worked on the case, in the amount of $50.00 per hour was excessive, and the $31.00 Plaintiff requested for expenses for copying was not a reasonable or necessary expense. (*Id*. at 9-12.) Plaintiff then filed a Supplemental Fee Application (ECF No. 26), requesting that the court issue an order for a supplemental award of $922.50 for the five hours spent researching and preparing the Plaintiff's Reply to the Commissioner's Response. The court referred the matter to Magistrate Judge Kathleen B. Burke for preparation of a R&R.

Magistrate Judge Burke submitted her R&R on October 4, 2013, recommending that the court grant Plaintiff $3,529.50, consisting of attorney fees in the amount of $125.00 per hour for 26.9 hours, totaling $3,362.50, appellate assistant fees in the amount of $40.00 per hour for 3.4 hours, totaling $136.00 and expenses for copying in the amount of $31.00. (ECF No. 27.) Plaintiff filed his Objections to the R&R on October 18, 2013 (ECF No. 28.).

The R&R recommended that Plaintiff's attorneys receive the statutory rate of $125.00 per hour because Plaintiff had not presented enough evidence in support of an increased hourly rate for Attorneys Kirk Roose ("Roose") and Eric Schnaufer ("Schnaufer"). (*Id*. at 7.) Also, Magistrate Judge Burke found that attorney's fees were recoverable for 26.9 hours spent by Attorneys Roose and Schnaufer. (*Id*. at 7-8.) Further, Magistrate Judge Burke found the recoverable hourly rate for the appellate assistant should be $40.00 per hour, and not the $50.00 per hour Plaintiff had

requested. (*Id*. at 8.) Additionally, Magistrate Judge Burke found that the work performed by the appellate assistant was work traditionally performed by attorneys and therefore all 3.4 hours of the appellate assistant's time should be compensable. (*Id*. at 9.) Finally, Magistrate Judge Burke found that the copying costs were allowable expenses. (*Id*. at 10.)

In determining that Plaintiff had not presented enough evidence to support an hourly rate above $125.00 for Attorneys Roose and Schnaufer, Magistrate Judge Burke applied the standard she articulated in *Slagle v. Comm'r of Soc. Sec.*, Case No. 5:12 CV 626 (N.D. Ohio June 28, 2013). Magistrate Judge Burke explained in *Slagle* that "to justify an upward departure from the statutory cap, [of $125.00 per hour] a plaintiff should submit or base his request on the following: (1) Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other social security practitioners in the area describing their experience and usual hourly rate." (R&R at 6) (*citing Slagle*, Case No. 5:12 CV 626). Magistrate Judge Burke states that "since Plaintiff has not presented either (1) a practice-specific, local fee survey; or (2) an affidavit or affidavits from other social security practitioners in the area describing their experience and usual hourly rate" the request for attorney fees in an amount above $125.00 per hour should be denied. (R&R at 7.) Magistrate Judge Burke acknowledged that Plaintiff has submitted three affidavits of social security practitioners who practice in the Northern District of Ohio. (*Id*.) She stated, however, that the attorneys have not provided a statement as to their usual hourly rate and therefore the affidavits are insufficient to support an hourly rate above the statutory cap. (*Id*.)

Plaintiff raises only one objection to the R&R. Plaintiff argues that Magistrate Judge Burke followed the less favored view in this District by limiting the recoverable rate for Attorneys Roose

and Schnaufer to the statutory rate of $125.00 per hour. (Pl.'s Objections at 1, ECF No. 28.) Plaintiff argues that several judges have reversed their position on awarding attorney fees in excess of the statutory hourly rate when presented with evidence such as what was presented by Plaintiff in this case and persuasive authority from colleagues. (*Id.*)

The district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court "judge may also receive further evidence." *Id.*

When awarding fees requested in a Fee Application, the fee amount is determined by the attorney's time expended on the case multiplied by the statutory hourly rate of $125.00. *Gisbrecht v. Barnhart*, 535 U.S. 789, 769 (2002) (internal citation omitted). A court may use its discretion to award a higher hourly rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee," *Id.* at 796 n. 4 (internal citation omitted). When seeking an hourly rate in excess of $125.00, the plaintiff bears the burden of producing evidence to support the requested increase. *Bryant v. Comm'r Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Specifically, "[p]laintiffs must 'produce satisfactory evidence — in addition to the attorney's own affidavits [and the Department of Labor's Consumer Price Index ("CPI")]—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 450. Therefore, district courts throughout this circuit have frequently required plaintiffs to submit materials in addition to the CPI and their attorney's affidavit, including desktop references, legal economics reports, reports from local bar associations, and/or affidavits from other

practicing attorneys in the area. *See, e.g., Mohr v. Comm'r Soc. Sec.*, No. 3:11 CV 2731, 2013 WL 557176, at *2-3 (N.D. Ohio Feb. 12, 2013).

Here, in addition to the CPI and Attorney Roose's declaration, the Plaintiff has also presented evidence of the following: (1) timesheets and resumes for Attorneys Eric Schnaufer and Kirk Roose, (2) Law Office Economic Survey, 2011 Edition, Bureau of Labor Statistics (occupational employment and wage estimates for Cleveland-Elyria-Mentor, Ohio); (3) declaration of attorney Diane R. Newman; (4) affidavit of attorney Marcia Margolius; (5) declaration of attorney Bradley J. Davis; and (6) Excerpts from "The Economics of Law Practice in Ohio," Ohio State Bar Association, 2010, showing billing rates by firm size, years in practice, office location, and practice classification.

The declaration of Attorney Diane R. Newman states that "[t]he usual hourly rate stated by attorney Kirk B. Roose, $300, is in line with the rates prevailing in the Cleveland area for similar services by lawyers of reasonably comparable skill, experience, and reputation. The same rate would apply to attorney Schnaufer, if no higher." (ECF No. 25-3). The affidavit of Attorney Marcia Margolius states that, "the prevailing rate for [Attorney Rosse's] services in Social Security cases, should exceed $175/hr to $200/hr before considering potential *Hayes* multipliers." (ECF No. 25-4.) The declaration of Attorney Bradley J. Davis states that he "requested One-Hundred-Twenty-Five-Dollars ($125.00) per hour, not because [he] know[s] it to reflect the current prevailing market rate, but because of the additional time and research which would have been necessary in order to petition for a higher rate more reflective of the prevailing market rate." (ECF No. 25-5.) The 2010 Ohio State Bar Association survey titled, "The Economics of Law Practice in Ohio" demonstrates that the median hourly rates for attorneys in the Cleveland, Ohio area is $200.00 or above. (ECF No. 25-7). The court has relied upon this type of support in the past and found that it is sufficient under Bryant

to support an attorney fee application. *See Byland v. Comm'r of Social Security*, No. 5:11 CV 75, 2013 WL 5773083, *3 (N.D. Ohio Oct. 24, 2013); *see also Burgess v. Astrue*, No. 1:11 CV 1865, 2013 WL 1811889 (N.D. Ohio Apr. 29, 2013). Thus, the court finds that the support provided is sufficient to support Attorneys Rosse and Schnaufer's Fee Application.

The court finds that, after *de novo* review of the Report and Recommendation and all other relevant documents, the remainder of the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court orders that the Fee Application request be approved as follows:

| | | |
|---|---|---|
| Attorneys Roose and Schnaufer | 26.9 hours at $184.50 per hour | $4,963.05 |
| Appellate Assistant Shriver | 3.4 hours at $40.00 per hour | $136.00 |
| Copying Expenses | | $31.00 |

Thus, fees totaling $5,130.05 are awarded to Plaintiff upon his Motion for Attorney Fees (ECF No. 22).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

November 22, 2013